# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| BAKER, <br><br> Plaintiff, <br><br> v. <br><br> OPTIONIT, INC., <br><br> Defendant. | No. 1:15-cv-2044 <br> Judge James B. Zagel |

## MEMORANDUM OPINION AND ORDER

Plaintiff Geoffrey Baker ("Baker") brought this action against Defendant OptionIt, Inc. ("OptionIt") on March 9, 2015 to recover legal fees that Baker alleges were incurred when he acted as OptionIt's legal counsel. A default judgment was entered against OptionIt on April 30, 2015. OptionIt filed a Motion to Vacate, which is presently before the court, on June 24, 2015. For the reasons set forth below, OptionIt's motion is denied without prejudice.

## I. BACKGROUND

Baker, formerly an attorney at the now dissolved law firm of Dowell Baker, P.C. ("Dowell Baker"), provided legal services to OptionIt from about December 2009 to November 2011, when Dowell Baker dissolved. As the billing partner for OptionIt, Baker claims he was assigned the rights to the OptionIt fee agreement after the firm's dissolution. Baker continued to work on the OptionIt case until its resolution in March 2012, but alleges that OptionIt failed to fully compensate Baker for his work. After OptionIt failed to respond to Baker's pleading or appear in court, Baker moved for entry of a default judgment, which was granted after a hearing. All allegations in the complaint were deemed admitted by OptionIt and Baker was awarded

1

damages consisting of $428,687.04 at a 9% annual interest rate; 210,000 shares of OptionIt, Inc.; costs and fees related to this action; and immediate discovery related to OptionIt's assets.

Pursuant to the default judgment Order, Baker filed a Citation to Discover Assets on June 16, 2015. OptionIt filed a Motion to Vacate Default Judgment—its first appearance in this case—on June 24, 2015.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 55(c) provides that "[t]he court ... may set aside a default judgment under Rule 60(b)." Fed.R.Civ.P. 55(c). Rule 60(b), in turn, provides that "[o]n motion and just terms, the court may relieve a party ... from a final judgment ... for," among other reasons, "mistake, inadvertence, surprise, or excusable neglect." Fed.R.Civ.P. 60(b)(1). "The Supreme Court has adopted a 'flexible understanding' of excusable neglect ... that encompasses 'all relevant circumstances surrounding the party's omission.'" *Casio Computer Co. v. Noren,* 35 Fed. Appx. 247, 250 (7th Cir.2002) (quoting *Pioneer Inv. Serv. Co. v. Brunswick Assoc's Ltd. P'Ship,* 507 U.S. 380, 389, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)). Factors include "the reason for the default, whether it was within the movant's control, the danger of prejudice to the non-movant, and the interests of judicial administration." *Id.* However, "'[i]nadvertence, ignorance of the rules, or mistakes construing the rules' are not ordinarily recognized as forms of excusable neglect,'" and "negligent handling of a case, by itself, will not excuse untimely behavior or satisfy the showing required by Rule 60(b)." *Id.* (quoting *Pioneer Inv. Servs.,* 507 U.S. at 391–92).

The Seventh Circuit has made it clear that setting aside a default judgment is "an extraordinary remedy to be granted in exceptional circumstances." *Id.* "Rule 60(b)(1) ... establishes a high hurdle for parties seeking to avoid default judgments and requires something

2

more compelling than ordinary lapses of diligence or simple neglect to justify disturbing a default judgment." *Jones v. Phipps,* 39 F.3d 158, 162 (7th Cir.1994). In order to set aside a default judgment, "a specialized three-part standard has evolved which squarely places the burden on the moving party to show: (1) 'good cause' for the default; (2) quick action to correct the default; and (3) the existence of a meritorious defense to the original complaint." *Id.*

### III. ANALYSIS

**A. Good Cause**

The standard for demonstrating good cause or excusable neglect under Rule 60(b) is "justifiably vague," leaving this Court "great latitude . . . to discern if either good cause or excusable neglect exists." *Phipps*, 39 F.3d at 164. Good cause and excusable neglect require "extraordinary circumstances . . . or at least the absence of any willful disregard for duties, simple carelessness, or negligence before a default judgment will be vacated." *Id.*

Defendant claims that OptionIt never received actual notice of the instant lawsuit until the Citation to Discover Assets was served on its president, Christian Pappas, at his home on June 20, 2015. That service—the first OptionIt had heard of this lawsuit—occurred over a month after the default judgment was entered. According to OptionIt, Baker was the sole listed contact person for OptionIt's Registered Agent, meaning that all legal documents were served on Baker alone. Thus, when Baker presented OptionIt's Registered Agent with legal documents for service, the documents were promptly returned to Baker (acting as OptionIt's contact person) at his home address, without ever passing through the hands of an OptionIt representative. OptionIt claims, and Baker does not deny, that all of the case documents up to the Citation to Discover Assets were handled in this way. As OptionIt correctly points out, Baker must have known how to ensure OptionIt's receipt of documents because when he served the Citation to Discover

3

Assets, he specifically sent a copy to Mr. Pappas' home, a courtesy he did not provide with any of the previous filings including the default judgment order. I find that these facts do establish good cause for Defendant's failure to appear or respond, because that possibility was absolutely precluded by Defendant's lack of actual notice.

Baker notes that, according to Mr. Pappas' deposition, Mr. Pappas never even attempted to learn who the contact person was for the Registered Agent. As such, Baker argues that the notification failure should be regarded as OptionIt's failure to establish internal "minimum procedural safeguards." Baker cites cases from other circuits for the proposition that failure to establish minimum procedural safeguards "does not constitute excusable neglect for the purpose of setting aside a default judgment." However, in each of the cases cited by Baker, the defaulting party had actual notice of the lawsuit, which is a material difference from the case at hand. Nor does Baker dispute that OptionIt did not have actual notice of this lawsuit until after the default judgment was entered. Although Baker does claim he did not know that he was the only contact person for OptionIt, the documents he received indicated that he was the only recipient. Meanwhile, in other lawsuits Baker received documents that did list other recipients.

The circumstances of this case raise an inference of bad faith on Baker's part. I agree with OptionIt that Baker's actions are likely sanctionable and may expose Baker to liability. First, he very likely knew that he was the only contact person for OptionIt and exploited that fact to his benefit, as demonstrated by his delivery of the Citation to Discover Assets to Mr. Pappas's home, after the default judgment had been entered and at a time when service would actually be advantageous to Baker. Importantly, Baker did forward documents he received in relation to another matter, demonstrating that he was aware when he was the only recipient of an OptionIt document and was capable of reaching OptionIt when necessary. Second, Baker appears to have

affirmatively misled this Court by failing to disclose the service issue even though he presumably knew what was happening. While he may not have explicitly lied to the Court, a "half-truth" or "failure to make a disclosure" may be considered the equivalent of an affirmative misrepresentation. N.D. Ill. Local R. Prof. Conduct 83.53.3 Cmt.; *In re Ronco, Inc.,* 838 F.2d 212, 218 (7th Cir.1988).

Because this inquiry is not germane to OptionIt's Motion to Vacate, I will address the issue of disciplinary consequences for Baker at a future hearing.

## B. Quick Action

Defendant filed its Motion to Vacate on June 24, 2015, just four days after the Citation to Discover Assets was served on Mr. Pappas and the company was finally notified of the existence of this lawsuit and the default judgment. Plaintiff argues that OptionIt failed to act quickly after they were served with the default on April 8, 2015, eleven weeks before filing the motion. But as discussed above, the April 8 service never actually reached OptionIt. Defendant plainly filed its motion quickly and without delay once they received actual notice, and thus the second prong of the three-part test is satisfied.

## C. Meritorious Defense

To prevail in setting aside the default judgment, Defendant must also offer a potentially meritorious defense to the complaint. To do so, it must provide "'facts which would support a meritorious defense of the action' and offer more than general denials and bare conclusions." *Fed. Trade Comm'n v. Construct Data Publishers*, No. 13-CV-01999, 2014 WL 7004999, at *7 (N.D. Ill. Dec. 11, 2014) (quoting *Pretzel & Stouffer, Chartered v. Imperial Adjusters, Inc.*, 28 F.3d 42, 46 (7th Cir. 1994)). However, they are not required to provide "a definitive showing that the defense will prevail." *Parker v. Scheck Mechanical Corp.*, 772 F.3d 502, 505 (7th Cir.

2014). In short, Defendants must show that there are genuine disputes of material facts that impact their liability in this case.

Here, they have not done so. OptionIt disputes the legal bills which Baker alleges are unpaid, but provides little factual support for this contention. Aside from its own conclusory statements, the only new and independent information OptionIt offered was one account payable ledger from 2011. Because the briefs do not contain enough factual support to conclude that a meritorious defense exists, Defendant's petition fails the third prong of the test.

I do not decide here whether or not OptionIt has a meritorious defense in this action. But if one exists, it has not been sufficiently shown at this time.

## IV. CONCLUSION

For the foregoing reasons, OptionIt's Motion to Vacate Default Judgment is denied without prejudice. A hearing to discuss sanctioning Baker for the violation of his duties to this Court and to Defendant will be scheduled at a future date.

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: December 17, 2015